UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8: 23 cr 285 JS M - AEP
18 U.S.C. § 371

RUPERT G. MCLENDON III
NELLIE CARIDE

**INDICTMENT**

SEALED

The Grand Jury charges:

**COUNT ONE**
**(Conspiracy)**

AUG 23 2023 PM3:27
FILED - USDC - FLMD - TPA

**A. Introduction**

At times material to this Indictment:

1.    Rupert G. McLendon III and Nellie Caride were residents of the

Middle District of Florida.

2.    The Veterans Health Administration, a sub-agency of the Department

of Veterans Affairs (VA), was a federal agency that provided benefits to eligible

veterans of the United States Military.

3.    The benefits available through the Veterans Health Administration

included access to the Veteran Directed Home and Community Based Services

Program (VDHCBS).

4.    Company A, a government contractor, oversaw the VDHCBS program.

SEALED

5.    VDHCBS allowed veterans to hire a family member or friend to be their caregiver. The caregiver was paid an hourly rate. The hours worked by the caregiver were monitored by an authorized representative.

6.    The authorized representative was chosen by the veteran and provided information regarding the rules and regulations of the program by a counselor from Company A. Specifically, the authorized representative was informed that VDHCBS would not pay for caregiver hours while the veteran was hospitalized.

7.    The timekeeping and payroll functions of VDHCBS were handled by Company B, a financial services provider, and the authorized representative was provided instructions on how to use the Company B website to enter caregiver hours.

8.    Company B made payments to the caregiver, which were reimbursed by Company A with an added administrative fee, and Company A in turn billed the VA with the addition of another administrative fee.

9.    R.M. was a veteran of the United States Military. The defendant, Rupert G. McLendon III, as R.M.'s power of attorney, applied for the VDHCBS program on his behalf. McLendon also appointed himself as the paid caregiver for R.M. and appointed Nellie Caride as authorized representative.

### B.    Conspiracy

10.    Beginning on or about August 18, 2018, and continuing through and including in or around July 2019, in the Middle District of Florida and elsewhere,

RUPERT G. MCLENDON III
and
NELLIE CARIDE

2

did knowingly and willfully combine, conspire, confederate, and agree with other persons, known and unknown to the Grand Jury, to commit certain offenses, specifically,

      a.    To knowingly and willfully devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and did transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs and signals for the purpose of executing said scheme and artifice to defraud, in violation of 18 U.S.C. § 1343.

### C.  **Manner and Means**

11.    The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included, among other things, the following:

      a.    It was part of the conspiracy that the conspirators would and did fail to report to the Company A counselor that R.M. had been hospitalized.

      b.    It was further part of the conspiracy that the conspirators would and did input caregiver hours into the Company B payroll system while R.M. was hospitalized, fraudulently representing that those hours had been worked on days that R.M. was hospitalized.

      c.    It was further part of the conspiracy that the conspirators would and did fail to report to the Company A counselor that R.M. had died on or about December 31, 2018.

d.      It was further part of the conspiracy that the conspirators would and did input caregiver hours into the Company B payroll system after R.M. had died, fraudulently representing that those hours had been worked on days after R.M. had died.

e.      It was further part of the conspiracy that the conspirators would and did provide false information regarding R.M.'s health and whereabouts to the Company A counselor in text messages and meetings.

f.      It was further part of the conspiracy that the conspirators would and did spend the money paid for caregiver hours fraudulently entered into the Company B payroll system.

g.      It was further part of the conspiracy that the conspirators would and did misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of acts performed in furtherance of the conspiracy.

## D.  Overt Acts

12.      In furtherance of, and to affect the objectives of the conspiracy, the following overt acts, among others, were committed in the Middle District of Florida and elsewhere:

a.      On or about the dates set forth below, each of which constitutes a separate overt act, defendants McLendon and Caride, alone and together, did input caregiver hours into the Company B payroll system for hours purportedly worked caring for R.M. while R.M. was hospitalized.

4

| OVERT ACT | DATE HOURS INPUT | TOTAL HOURS INPUT |
|:---:|:---:|:---:|
| a.1 | 8/31/2018 | 52 |
| a.2 | 9/6/2018 | 24 |
| a.3 | 9/24/2018 | 12 |
| a.4 | 10/23/2018 | 12 |
| a.5 | 11/2/2018 | 16 |
| a.6 | 11/21/2018 | 12 |
| a.7 | 12/4/2018 | 16 |
| a.8 | 12/18/2018 | 16 |

b.      On or about the dates set forth below, each of which constitutes a separate overt act, defendants McLendon and Caride, alone and together, did input caregiver hours into the Company B payroll system for hours purportedly worked caring for R.M. after R.M. had died.

| OVERT ACT | DATE HOURS INPUT | TOTAL HOURS INPUT |
|:---:|:---:|:---:|
| b.1 | 1/4/2019 | 8 |

5

| OVERT ACT | DATE HOURS INPUT | TOTAL HOURS INPUT |
|:---:|:---:|:---:|
| **b.2** | 1/17/2019 | 12 |
| **b.3** | 2/2/2019 | 16 |
| **b.4** | 2/18/2019 | 6 |
| **b.5** | 3/2/2019 | 16 |
| **b.6** | 3/19/2019 | 4 |
| **b.7** | 4/2/2019 | 52 |
| **b.8** | 4/11/2019 | 16 |
| **b.9** | 4/18/2019 | 4 |
| **b.10** | 5/8/2019 | 8 |
| **b.11** | 5/18/2019 | 4 |
| **b.12** | 6/6/2019 | 16 |
| **b.13** | 6/18/2019 | 6 |

All in violation of 18 U.S.C. § 371.

## FORFEITURE

1.      The allegations contained in Counts One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.      Upon conviction of a conspiracy to violate 18 U.S.C. § 1343, in violation of 18 U.S.C. § 371, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3.      The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of approximately $37,402, which represents the proceeds obtained from the offense.

4.      If any of the property described above, as a result of any act or omission of the defendants:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

        c.      has been placed beyond the jurisdiction of the Court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
Suzanne Huyler
Special Assistant United States Attorney

By: _____
Rachelle DesVaux Bedke
Assistant United States Attorney
Chief, Economic Crimes Section

8

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Tampa Division

## THE UNITED STATES OF AMERICA

vs.

## RUPERT G. MCLENDON III
## NELLIE CARIDE

## INDICTMENT

Violations: 18 U.S.C. § 371

A true bill,

_____
Foreperson

Filed in open court this 23rd day

of August 2023.

_____
Clerk

Bail $_____